Filed
3/10/2021 2:25 PM
Esther Degollado
District Clerk
Webb District
Dyana Cuellar
2021CVA000456D1

NO. 2021CVA000456D1
_____

| | | |
|---|---|---|
| DORA NELLY BERRONES MENDES AND EDGAR GAYTAN ZUNIGA | § § § § | IN THE DISTRICT COURT |
| VS. | § § § | _____ JUDICIAL DISTRICT |
| MAS ADMINISTRACION DE EMPRESAS, SA DE CV AND PEDRO GONZALO HERNANDEZ ESPINO | § § § § | WEBB COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **DORA NELLY BERRONES MENDES** and **EDGAR GAYTAN ZUNIGA**, hereinafter referred to as Plaintiffs, complaining of **MAS ADMINISTRACION DE EMPRESAS, SA DE CV** and **PEDRO GONZALO HERNANDEZ ESPINO**, hereinafter referred to as Defendants, and for cause of action would respectfully show unto the Court and Jury the following:

1.

1.1  Plaintiffs **DORA NELLY BERRONES MENDES** and **EDGAR GAYTAN ZUNIGA** affirmatively plead that they seek monetary relief of over $250,000.00 but no more than $1,000,000.00 and unless the Court orders a discovery control plan pursuant to Rule 190.4, TEX. R. CIV. PROC., this case is subject to Level 2 limitations of 190.3, TEX. R. CIV. PROC.

2.

2.1  Plaintiffs **DORA NELLY BERRONES MENDES** and **EDGAR GAYTAN ZUNIGA**, are residents of Laredo, Webb County, Texas.

2.2  Defendant **MAS ADMINISTRACION DE EMPRESAS, SA DE CV, (hereinafter referred to as Defendant MAS)**, is a foreign corporation duly formed under the

laws of Mexico. Defendant sought and received authority to operate a commercial motor vehicle on the roadways of the State of Texas and was duly authorized to do business in the State of Texas. Service of Process on this Defendant may be made by serving is Registered Agent for Service of Process, **Ms. Claudia Flores, 812 E. Saunders Street, PMB 452, Laredo, Texas 78041.**

2.3    Defendant, **PEDRO GONZALO HERNANDEZ ESPINO**, is an individual and citizen of the Republic of Mexico, in the state of Tamaulipas. This Defendant may be served with process in accordance with §17.062(a), of the Texas Civil Practice and Remedies Code by serving a copy of the summons and complaint by certified mail, return receipt requested, to the Chairman of the Texas Transportation Commission, Mr. J. Bruce Bugg, Jr., at the Texas Department of Transportation, 125 E. 11th Street, Austin, Texas 78701, who will in turn forward a copy of the summons and complaint by certified or registered mail, return receipt requested, to Defendant **PEDRO GONZALO HERNANDEZ ESPINO'S** foreign residence, Esfinge 1212, San Nicolas De Los Garza, Mexico 66437 or his place of employment at Juan Aldama 236, Nuevo Laredo, Mexico 66437.

3.

## VENUE FACTS

3.1    Venue is proper in Webb County, Texas, pursuant to §15.002 of the Texas Civil Practice and Remedies Code, because all or a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred in Webb County, Texas.

4.

4.1    Plaintiff, **DORA NELLY BERRONES MENDES**, brings this action to recover damages for bodily injuries she sustained in an automobile accident which occurred on January 17, 2020, in Laredo, Webb County, Texas.

4.2   Plaintiff, **EDGAR GAYTAN ZUNIGA**, brings this action to recover damages for rental fees he incurred in an automobile accident which occurred on January 17, 2020, in Laredo, Webb County, Texas.

5.

5.1   On or about January 17, 2020, Plaintiff **DORA NELLY BERRONES MENDES**, was driving a 2015 grey Mercedes-Benz 350, owned by Plaintiff **EDGAR GAYTAN ZUNIGA**, and was prudently traveling north IH-35 in Laredo, Webb County, Texas. Defendant, **PEDRO GONZALO HERNANDEZ ESPINO**, was operating a white tractor truck during the course and scope of his employment with Defendant **MAS** and was also traveling northbound on IH-35 behind the Plaintiffs' vehicle. On said date, as Plaintiff was prudently traveling north on IH-35 behind traffic, her vehicle was suddenly and unexpectedly violently struck from behind by the tractor truck operated by Defendant **PEDRO GONZALO HERNANDEZ ESPINO** who failed o control his speed. Plaintiffs would show that the collision was proximately caused by the negligence of the Defendants and thereby causing Plaintiffs' damages enumerated below.

6.

6.1   At the time of the collision described above, Defendant **PEDRO GONZALO HERNANDEZ ESPINO**, was the agent, servant, and/or employee of Defendant **MAS** and was acting within the course and scope of his employment as agent, servant and/or employee of Defendant **MAS**. Defendant **PEDRO GONZALO HERNANDEZ ESPINO** was operating the tractor truck on the public streets and highways of Texas in furtherance of Defendant **MAS'** business. Defendant **PEDRO GONZALO HERNANDEZ ESPINO** was operating the tractor truck with the knowledge, and consent of Defendant **MAS**. Therefore, Defendant **MAS** is liable under the doctrine of Respondeat Superior.

7.

7.1 The occurrence made the basis of this lawsuit and the Plaintiffs' resulting injuries and damages were proximately caused by the negligence and negligence per se of Defendant **PEDRO GONZALO HERNANDEZ ESPINO** in one or more of the following respects:

a. In failing to keep a proper lookout for other traffic as a reasonable and prudent person would have done under the same or similar circumstances;

b. In failing to safely operate the tractor truck he was driving while in the course and scope of his employment as a reasonable and prudent person would have done under the same or similar circumstances;

c. In failing to maintain proper control of the tractor truck he was driving as a reasonable and prudent person would have done under the same or similar circumstances;

d. In failing to take proper evasive action in order to avoid said collision;

e. In failing to control his speed as a reasonable and prudent person would have done under the same or similar circumstances; and

f. In failing to maintain an assured clear distance between the tractor truck he was driving and the Plaintiffs' vehicle so that he could have safely stopped without striking the Plaintiffs' vehicle in violation of Texas Transportation Code §545.062; and

g. In driving the tractor truck in a willful and wanton disregard for the safety of persons or property in violation of Texas Transportation Code § 545.401

7.2 Plaintiffs would show that each of the foregoing acts and/or omissions was a separate and distinct act of negligence and each was a direct and proximate cause of the injuries and damages suffered by the Plaintiffs as described herein below.

8.

8.1 Plaintiff **DORA NELLY BERRONES MENDES** would show that as a result of the negligence of the Defendants, she suffered bodily injuries to her neck, back, left shoulder, right arm, and right hand. As a further result, she has suffered physical pain, mental anguish, and

physical impairment in the past and in all reasonable probability she will continue to so suffer in the future. Plaintiff **DORA NELLY BERRONES MENDES** has incurred reasonable and necessary medical expenses for the proper treatment of her injuries in the past and in all reasonable probability will continue to incur reasonable and necessary medical expenses for further treatment in the future; and in all reasonable probability Plaintiff will suffer a loss of wage-earning capacity in the future. These damages are within the jurisdictional limits of the Court.

8.2   Plaintiff **EDGAR GAYTAN ZUNIGA** would show that as a result of the Defendants' negligence, his 2015 grey Mercedes-Benz 350 was damaged. Plaintiff **EDGAR GAYTAN ZUNIGA'S** vehicle entered the repair shop on September 1, 2020 and the tear down of his vehicle commenced. Within a few days of being in the repair shop, a supplemental repair inspection was requested. Property Damage Appraisers, on behalf of the Defendants, took approximately two weeks to reinspect Plaintiff's vehicle, causing an undue delay in the repair time. After the reinspection, Property Damage Appraisers did not submit the supplemental repair estimate for approval until eight (8) days after the reinspection, further extending the undue delay in repair time of Plaintiff's vehicle. After the supplemental estimate was submitted and approved, Plaintiff's vehicle was repaired and returned to him on October 5, 2020.

Plaintiff **EDGAR GAYTAN ZUNIGA** incurred $1,786.85 in reasonable and necessary rental expenses while his vehicle was being repaired and during the undue delay time caused by Property Damage Appraisers in having the vehicle reinspected and submitting the supplemental repair estimate for approval. Plaintiff **EDGAR GAYTAN ZUNIGA** has only been reimbursed $767.52 for his rental expense, leaving a remaining balance of **$1,019.33**. Hence, Plaintiff **EDGAR GAYTAN ZUNIGA** does hereby sue Defendants for the remaining balance of his incurred rental expenses in the amount of **$1,019.33**.